UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

JOSEPH MCGRUTHER,

        Petitioner,         Case No. 2:21-cv-94

v.        Honorable Paul L. Maloney

CONNIE HORTON,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner. Petitioner initially filed a form petition seeking habeas relief under 28 U.S.C. § 2241; however, he is in custody pursuant to the judgment of a state court. "The reality is that § 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019). No matter what form Petitioner uses or what statute he claims serves as the basis for relief, because he is in custody pursuant to the judgment of a state court, his request for habeas relief must comply with the requirements of 28 U.S.C. § 2254. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("[T]his makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.").

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Upon conducting the review of Petitioner's initial petition, the Court determined that Petitioner had failed to file his request for habeas relief on the proper form and that he had failed to provide information necessary to permit the Court to "screen" his petition. Accordingly, by order entered May 11, 2021, the Court directed Petitioner to file his petition on the proper form, to sign the petition, provide the date he handed the petition over to prison authorities for mailing, and to complete form § 19 regarding the timeliness of the petition. (Order, ECF No. 3.)

On May 24, 2011, Petitioner submitted his amended petition on the proper form, but he did not complete the form as directed by the Court. He insists the 28 U.S.C. § 2241 is the proper basis for his request for habeas relief. He contends he is not attacking the conviction or sentence pursuant to which he is incarcerated. In that sense, the amended petition differs from the initial petition. In the initial petition, Petitioner asked the Court to immediately vacate his current sentence. (Pet., ECF No. 1, PageID.8.) In the amended petition Petitioner avoids that inconsistency by not seeking any particular relief at all.

Petitioner argues that he is not challenging his conviction or sentence. Instead he challenges Michigan's actions in contravention of federal law when it enforced criminal statutes

2

against him. Petitioner claims that such statutes cannot be enforced against a "'Freedman' class negro." (Am. Pet., ECF No. 4, PageID.22.) According to Petitioner he is challenging:

> The State of Michigan's open violation to the contract between it and the federal government; when Michigan did not follow the federal law[s] obligating the States to procedurally establish a system of laws or body of laws, in order for any State to obtain Jurisdiction over Federal Property, being Freedman Class Negroes.

(*Id*., PageID.30.)

"It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Dep't of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959, 1969 (2020) ("The writ simply provided a means of contesting the lawfulness of restraint and securing release."). An application for federal habeas corpus relief under 28 U.S.C. § 2254 must directly dispute the fact or duration of confinement. *Preiser*, 411 U.S. at 500; *Kirby v. Dutton*, 794 F.2d 245, 247–48 (6th Cir. 1996). The "fact or duration" of physical confinement is at the core of federal habeas corpus. *Preiser*, 411 U.S. at 489–90. Petitioner's suggestion that he is not really challenging his conviction or sentence is the equivalent of saying he is not really seeking habeas relief. That suggestion also appears to be false. Petitioner wants this Court to declare that the state statutes he is convicted of violating do not apply to him. The inevitable consequence of that declaration would be Petitioner's release from custody.

For those reasons, the Court concludes that Petitioner is challenging his convictions and it is beyond dispute that he is in custody pursuant to the judgment of a state court. Accordingly,

despite Petitioner's protestations to the contrary, Petitioner must satisfy the requirements of 28 U.S.C. § 2254.  One of those requirements is timeliness under 28 U.S.C. § 2244(d).

The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations.  Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I.     Factual Allegations

Petitioner Joseph McGruther is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  On May 18, 2012, Petitioner pleaded guilty in the Muskegon County Circuit Court to second-degree criminal sexual conduct (CSC-II), in violation of Mich. Comp. Laws § 750.520c, and to first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b.  On June 18, 2012, the court sentenced Petitioner to concurrent prison terms of 3 to 15 years for CSC-II and 25 to 52 years for CSC-I.

Petitioner sought leave to appeal his convictions and sentences to the Michigan Court of Appeals.  By order entered January 9, 2013, the court of appeals denied leave "for lack of merit in the grounds presented."  *People v. McGruther*, No. 313168 (Mich. Ct. App. Jan. 9, 2013).  Petitioner did not pursue the matter further.  *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=313168&CourtType_Case

4

Number=2 (visited May 25, 2021). There is no record that Petitioner has filed a previous habeas petition in this Court or in the United States District Court for the Eastern District of Michigan.

On May 5, 2021, the Court received Petitioner's initial habeas corpus petition.

## II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought leave to appeal

5

the judgment of conviction to the Michigan Court of Appeals, but he did not seek leave to appeal to the Michigan Supreme Court. The time for seeking leave to appeal to the Michigan Supreme Court expired on March 6, 2013, 56 days after the court of appeals denied leave. Mich. Ct. R. 7.305(C)(2). That is the date Petitioner's judgment became final.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Petitioner had one year from March 6, 2013, until March 6, 2014, to file his habeas application. Petitioner filed his application during May of 2021. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner left blank those portions of the form petition

regarding applications for post-judgment collateral review and the Court was unable to find any evidence of applications for collateral review in publicly available court records.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, based on the scant allegations in his petition, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Moreover, Petitioner's guilty plea presents a formidable barrier to any claim of innocence now. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   May 27, 2021                                    /s/ Paul L. Maloney
                                                                                                       Paul L. Maloney
                                                                                                       United States District Judge